IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WARREN LOUIS HAMPTON, )<br>#294794, )<br>  )<br>   Petitioner, )<br>  )<br>   v. )<br>  )<br>JAY JONES, *et al.,* )<br>  )<br>   Respondents. ) | <br><br><br><br><br><br>CIVIL ACTION NO.<br>3:21-CV-65-WHA-CSC<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the Court on Petitioner Warren Louis Hampton's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on January 6, 2021. Doc. # 1. Hampton challenges his 2021 Lee County, Alabama convictions for first-degree robbery, first-degree burglary, and second-degree assault. He presents claims of trial error and ineffective assistance of counsel. Doc. # 1 at 5–12.

In an answer filed on February 18, 2021, Respondents argue that Hampton has not exhausted his claims in the state courts and that his § 2254 petition should therefore be dismissed without prejudice to allow him to exhaust his state court remedies. Doc. # 11 at 1–3.

In light of the arguments and evidence presented by Respondents with their answer, the Court entered an order allowing Hampton to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies. Doc. # 12.

Hampton filed a response to the Court's order, but he presents no good reason for waiving the exhaustion prerequisite for his claims. Doc. # 13.

## II. DISCUSSION

A longstanding prerequisite to filing a federal habeas corpus petition is that a petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Hampton's habeas petition presents claims of trial error and ineffective assistance of counsel. The record reflects that Hampton's direct appeal—the proper vehicle for

2

pursuing claims of trial error—is pending in the Alabama Court of Criminal Appeals. Hampton has also not filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, which is generally the proper vehicle for asserting claims of ineffective assistance of counsel. Hampton may still pursue his claims of ineffective assistance of counsel in a Rule 32 petition filed in the trial court after proceedings on his direct appeal are final. He could then pursue an adverse ruling on his Rule 32 petition in a Rule 32 appeal. Under the circumstances—where Hampton's direct appeal is pending and no Rule petition has been filed—it is clear that Hampton has yet to submit any of his claims to a complete round of Alabama's appellate review process. Therefore, he has failed to satisfy the exhaustion prerequisite for his claims. As noted above, Hampton has presented no good reason for waiving the exhaustion requirement.

The Court finds it inappropriate to rule on the merits of Hampton's claims without first allowing him to exhaust the remedies available to him in the Alabama state courts. *See* 28 U.S.C. § 2254(1)(b)(2). The Court therefore concludes that this § 2254 petition should be dismissed <u>without prejudice</u> so Hampton may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Hampton to exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 15, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of March, 2021.

      /s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE